**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **RONALD HENRY,** )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>**J&M SECURITIES, LLC,** )<br>**and** )<br>**SANSONE LAW, LLC, doing business as** )<br>**SANSONE & LAUBER,** )<br>)<br>*Defendants.* ) | **Case No. 4:15-CV-01078-ERW** |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants J&M Securities, LLC ("J&M") and Sansone Law, LLC, d/b/a Sansone & Lauber ("Sansone") (collectively, "Defendants"), submit the following Answer and Affirmative Defenses to Plaintiff Ronald Henry's ("Plaintiff") Complaint.

### INTRODUCTION

1. Defendants admit Plaintiff's Complaint purports to allege an action for statutory and actual damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Defendants deny all liability to Plaintiff under the FDCPA.

2. Defendants admit Paragraph 2 demands a trial by jury.

### JURISDICTION

3. Defendants admit this Court has jurisdiction over FDCPA claims under 15 U.S.C. § 1692k(d) and that venue is appropriate in this Court. Defendants deny all allegations contained in Paragraph 3 not specifically admitted herein.

## PARTIES

4. Upon information and belief, Defendants admit the allegations contained in Paragraph 4.

5. Defendants admit the allegations contained in Paragraph 5.

6. Defendants admit the allegations contained in Paragraph 6.

7. Defendants admit Sansone is a domestic limited liability company with its principal place of business in Clayton, Missouri, and that Sansone does business under the fictitious name of Sansone & Lauber. Defendants deny all allegations contained in Paragraph 7 not specifically admitted herein.

8. Defendants admit the allegations contained in Paragraph 8.

9. Defendants admit they engage in the collection of debts. Defendants deny all allegations contained in Paragraph 9 not specifically admitted herein.

10. Paragraph 10 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 10.

11. Paragraph 11 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 11.

12. Paragraph 12 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants admit J&M is a "debt collector" as defined by the FDCPA. Defendants deny that Sansone is a "debt collector," and deny all allegations contained in Paragraph 12 not specifically admitted herein.

## FACTS

13. Defendants admit the allegations contained in Paragraph 13.

14. Defendants admit the allegations contained in Paragraph 14.

{00322309.1}

15. Defendants admit the allegations contained in Paragraph 15.

16. Defendants deny the allegations contained in Paragraph 16. Further answering, Defendants state that the letter referenced in Paragraph 16 speaks for itself and is the best evidence of its contents.

17. Paragraph 17 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 17. Further answering, Defendants state that the letter referenced in Paragraph 17 speaks for itself and is the best evidence of its contents.

18. Paragraph 18 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 18.

19. Defendants admit the allegations contained in Paragraph 19.

20. Defendants admit the allegations contained in Paragraph 20.

21. Paragraph 21 calls for a legal conclusion to which no response is required.

22. Paragraph 22 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 22.

23. Paragraph 23 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 23.

24. Paragraph 24 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 24.

25. Paragraph 25 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 25.

26. Paragraph 26 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 26.

{00322309.1}

27. Defendants deny the allegations contained in Paragraph 27.

## COUNT I:  VIOLATION OF THE FDCPA—ALL DEFENDANTS

28. Defendants re-allege each of its answers to Paragraphs 1 through 27 as if fully set forth herein.

29. Defendants filed a Motion to Dismiss all of Plaintiff's claims alleged in Count I, Paragraph 29(a-c) as they relate to the state court Petition for lack of ripeness, and therefore no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 29(a-c) as they relate to the state court Petition.  Further answering, Defendants specifically deny all allegations contained in Paragraph 29(a-c).

## AFFIRMATIVE DEFENSES

A. Plaintiff's Complaint is not actionable because it is not ripe for judicial review.

B. Plaintiff's claims arising under 15 U.S.C. §§ 1692d, 1692f and 1692g are not actionable, because they fail to state a claim on which relief can be granted.  In particular, Plaintiff's §§ 1692d and 1692f claims do not contain enough facts to plausibly support a claim. Plaintiff's § 1692g claim fails to state a claim, because Plaintiff had no dispute rights for Defendants to overshadow in violation of the FDCPA.

C. Defendants have no liability to Plaintiff under 15 U.S.C. § 1692, *et seq.*, because even assuming falsely, but *arguendo*, that Defendants violated any provision of the FDCPA with respect to Plaintiff, any such violation was not intentional, but instead resulted from a bona fide error notwithstanding the maintenance by Defendants of procedures reasonably adapted to avoid the error.  15 U.S.C. § 1692k(c).

D.     Plaintiff cannot establish that he is entitled to statutory damages from both J&M and Sansone, as a plaintiff is only entitled to a maximum of $1,000.00 statutory damages per cause of action.  15 U.S.C. § 1692a.

E.     Plaintiff cannot establish that he is entitled to statutory damages from both J&M and Sansone, as a plaintiff is not entitled to double-recovery for the same conduct.  Dowling v. Litton Loan Servicing, LP, 2006 WL 3498292, No. 2:05-CV-0098, *14 (S.D. OH Dec. 1, 2006); Ganske v. Checkrite, Ltd., 1997 WL 33810208, No. 96-C-05410-S, 96-C-0743-S (W.D. WI Jan. 6, 1997).

F.     Defendants reserve the right to add and amend its Affirmative Defenses as the case progresses.

WHEREFORE, Defendants J&M Securities, LLC, and Sansone Law, LLC, d/b/a Sansone & Lauber, respectfully request this Court dismiss Plaintiff's Complaint with prejudice and for such other and further relief as this Court deems appropriate.

Respectfully submitted,

THE LOWENBAUM PARTNERSHIP, LLC

/s/ Matthew J. Aplington
Matthew J. Aplington, #58565MO
Julia M. Hodges, #64912MO
222 South Central Avenue, Suite 901
Clayton, Missouri 63105
Telephone:  (314) 863-0092
Facsimile:  (314) 746-4848
maplington@lowenbaumlaw.com
jhodges@lowenbaumlaw.com

{00322309.1}

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this 4th day of August, 2015, served a true and correct copy of the foregoing via the United States District Court for the Eastern District of Missouri's CM/ECF Electronic Filing System upon the following counsel of record:

James W. Eason, Esq.
The Eason Law Firm, LLC
124 Gay Avenue, Suite 200
Clayton, Missouri 63105
Telephone:  (314) 932-1066
Facsimile:  (314) 667-3161
james.w.eason@gmail.com

/s/ Matthew J. Aplington