UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Ronald Henry, | ) |
| Plaintiff, | ) Case No. 4:15-cv-01078-ERW |
| v. | ) |
| J&M Securities, LLC, | ) |
| and | ) |
| Sansone Law, LLC, doing business as Sansone & Lauber, | ) |
| Defendants, | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint [ECF No. 18].

**I.  BACKGROUND**

Plaintiff Ronald Henry ("Plaintiff") initiated this lawsuit by filing a complaint against Defendants J&M Securities, LLC ("Defendant J&M") and Sansone Law, LLC ("Defendant Sansone") on July 13, 2015 [ECF No. 1]. Plaintiff's single-count complaint alleged numerous violations by Defendants of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. Specifically, Plaintiff alleged Defendants engaged in false, deceptive, harassing, and unfair conduct in collection of a debt in violation of 15 U.S.C. §§1692(d), (e), (e)(10), (f), and (g). On August 4, 2014, Defendants jointly filed an Answer to Plaintiff's complaint [ECF No. 7] and a

Motion to Dismiss Plaintiff's Complaint [ECF No. 8] for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) as well as lack of ripeness. Plaintiff first filed for a Motion for Extension of Time to File Response [ECF No. 10] on August 14, 2015. That motion was granted [ECF No. 11], extending the deadline to file a response to September 11, 2015. On September 14, 2015, Plaintiff filed his second Motion for Extension of Time to File Response [ECF No. 12], which was again granted, extending the deadline to file a response to October 5, 2015 [ECF No. 13]. On October 7, 2015, Plaintiff filed a Motion for Leave to File Plaintiff's First Amended Complaint, in which Plaintiff voluntarily abandoned its 15 U.S.C. § 1692(g) claim against Defendants, and alleged instead a claim for violation of 15 U.S.C. § 1692(e)(2)(a). Defendants, on November 9, 2015, filed a Response in Opposition of Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint [ECF No. 20].

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) governs amendment of pleadings. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). Under Rule 15(a), when leave to amend is not sought "as a matter of course,"- i.e., before being served with a responsive pleading or within 20 days after serving the pleading if no responsive pleading is allowed and trial has not yet been set, *see* Fed. R. Civ. P. 15(a)(1) - leave to amend pleadings should still be "freely given when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). In addition, "Parties should usually be given at least one chance to amend their complaint." *Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999). Even under this standard, however, "[a] district court appropriately denies the movant leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the non-moving party, or futility of the amendment.' "
*Sherman*, 532 F.3d at 715 (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005); *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007).

## III. DISCUSSION

Plaintiff seeks leave to amend his original complaint in order to substitute his 15 U.S.C. § 1692(g) claim for a claim against Defendants for violation of 15 U.S.C. § 1692(e)(2)(a). Plaintiff alleges his motion is timely as "Defendants have filed a Motion to Dismiss, and the Court has yet to hold a Rule 16 conference. The parties have not yet begun discovery or motion practice. Accordingly, the leave Plaintiff requests prejudices no party." [ECF No. 18 at 3]. Defendants, in their response, request a denial of Plaintiff's motion as Plaintiff failed to file either this motion or a response their Motion to Dismiss by the Court's October 5, 2015 deadline.

Granting Plaintiff leave to amend his complaint so early in the proceedings will not cause Defendants any undue prejudice. The substituted claim is closely related to Plaintiff's other claims against Defendants in this action. Discovery has not yet begun and no depositions have yet taken place. Substituting this claim would require no additional discovery burden on either party.

While Defendants are correct that Plaintiff filed his motion two days after the Court's deadline to respond to Defendants' Motion to Dismiss, the Court has not yet ruled on Defendant's Motion to Dismiss. The Court has also not yet scheduled a Rule 16 conference which would establish a Case Management Order for both parties to follow. Finally, this is Plaintiff's first attempt to amend their complaint. Although Defendants suggest Plaintiff is attempting to cause undue delay through this motion, the Court finds no evidence of such suggestion.

Furthermore, "it is well-settled that delay alone is not a sufficient reason for denying leave." *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981). Instead, Courts must also show that grant of leave after such delay would result in prejudice to other parties. *See Mercantile Trust Co. Nat. Ass'n. v. Inland Marine Products Corp.*, 542 F.2d 1010, 1012 (8th Cir. 1976). As stated above, the Court finds no prejudice to Defendants in granting Plaintiff's motion, even though it was filed two days after the Court's response deadline. Courts have consistently allowed amendments to complaints at much later stages of litigation and at much greater prejudice to other parties. *See, e.g., Buder*, 644 F.2d 690 (8th Cir. 1981) (overturning a district court's denial of motion to amend where district court ruled a two and a half year delay between the filing of the original complaint and the filing of the motion to amend precluded amendment for undue delay even though the motion did not demonstrate prejudice as claims in both filings were substantially similar); *See also Sanders v. Clemco Industries*, 823 F.2d 214 (8th Cir. 1987) (holding district court's refusal to permit amendment was an abuse of discretion as no prejudice to opposing party could be found despite delay of almost a year).

## IV. CONCLUSION

Though Plaintiffs filed their amended complaint two days after the deadline to respond to Defendants' Motion to Dismiss had passed, the Court finds that the delayed filing of the amended complaint not result in prejudice to Defendants. The claims in the original complaint and the amended complaint are substantially similar as Plaintiffs merely substituted one of their three FDCPA claims with another FDCPA claim. Furthermore, no Rule 16 conference had yet been scheduled and no discovery had begun. As such, this amended complaint would impose no increased burden of discovery costs on either party.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint [ECF No. 18] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss Plaintiff's §§ 1692(e), (e)(10), (d), and (g) Claims [ECF No. 8] is **DENIED AS MOOT**.

Dated this 1st Day of December, 2015.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE